UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DANIEL WILKINS,

        Plaintiff,

        v.

ANDREW BRANSON, et al.,

        Defendants.

CAUSE NO.: 1:25-CV-334-HAB-ALT

OPINION AND ORDER

Daniel Wilkins, a litigant without a lawyer, filed a civil rights complaint under 42 U.S.C. § 1983 and moves for leave to proceed in forma pauperis. (ECF 2, 9.) To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Wilkins' motion reflects that he does not have sufficient funds to pay the filing fee. (ECF 2.) However, that is not the end of the matter. The court must also determine whether his amended complaint (ECF 9) is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To

proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Wilkins is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The amended complaint is somewhat difficult to follow, but it can be discerned that in 2021 Wilkins was ordered to serve a term of parole for a criminal offense. By his calculation he was due to be discharged from parole in August 2021, as soon as he completed a community transition program. However, shortly before he completed the program his parole officer told him that he was required to serve an additional period on parole.

In March 2022, while he was still on parole, he was stopped by Mishawaka Police Officer Andrew Branson for a traffic violation. He claims Officer Branson acted improperly when pulling him over and caused him to crash his vehicle when he tried to flee from the officer. The traffic stop resulted in criminal charges being brought against Wilkins in St. Joseph County for unlawful possession of a firearm by a serious violent felon and resisting law enforcement.[1] *See State v. Wilkins*, 71D08-2212-F4-000070 (St. Joseph Sup. Ct. filed Dec. 27, 2022). A trial is presently scheduled for October 2025. *Id.*

---

[1] The court is permitted to take judicial notice of public records. *See* FED. R. EVID. 201.

Wilkins claims the prosecutors should not have brought the charges against him, and that the presiding judge is biased and has ruled improperly in his case. He sues all of these individuals for monetary damages and other relief.[2]

Under the Eighth Amendment, a plaintiff can state a claim against a state actor for holding him beyond his release date if that action was "the product of deliberate indifference." *Sabo v. Erickson*, 128 F.4th 836, 846 (7th Cir. 2025). Deliberate indifference requires that "the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Records from Wilkins' criminal case reflect that it was the state judge who ordered Wilkins to serve a period of parole after he completed the community transition program. *See State v. Wilkins*, No. 02D04-0707-FB-00098 (Allen Sup. Ct. order dated Apr. 7, 2021). He cannot attack the judge's ruling in this civil rights case, nor can he proceed on a theory that the ruling was unlawful. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). The court cannot plausibly infer that Wilkins' parole officer acted with deliberate indifference to his rights in enforcing the judge's order.

---

[2] The court notes that Wilkins mentions other matters in his complaint related to prior litigation he has filed. For instance, he mentions a class action he was involved in related to his participation in a work release program, and a civil rights case he brought in this District pertaining to conditions at the St. Joseph County Jail. (*See* ECF 9 at 6, 11, 13.) However, he expressly disavows that he is seeking to relitigate his claims in those cases and states that he provided the information merely as background. (ECF 10.) In the interest of brevity, the court will not recount his allegations about these prior lawsuits.

He also sues the Indiana Parole Board, presumably because it employs the parole

officer. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Burks*

*v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Additionally, the Indiana Parole Board is

not a "person" that can be sued for constitutional violations under 42 U.S.C. § 1983. *Will*

*v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989); *see also Klock v. Smith*, No. 121-CV-

00498-JPH-DLP, 2021 WL 3268553, at *2 (S.D. Ind. July 29, 2021) ("The Indiana Parole

Board is an agency of the State of Indiana and hence not a 'person' subject to suit

pursuant to 42 U.S.C. § 1983.").

He asserts Fourth Amendment claims against Officer Branson stemming from

the traffic stop and car crash that occurred in March 2022. Suits filed under 42 U.S.C.

§ 1983 borrow the statute of limitations for state personal injury claims, which in

Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on

which the claim accrues, and the limitations period starts running, is the date when a

plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d

885, 889 (7th Cir. 2015). A claim for unlawful search or seizure under the Fourth

Amendment accrues at the time of the violation. *Wallace v. Kato*, 549 U.S. 384, 387 (2007);

*Savory v. Cannon*, 947 F.3d 409, 413 (7th Cir. 2020) (en banc). Wilkins was clearly aware

of his injury and the cause of it in March 2022, when he crashed his vehicle and injured

himself, but he did not bring his claim against Officer Branson until June 2025, making

the claim untimely.[3] Although the statute of limitations is ordinarily an affirmative

---

[3] The court will presume for purposes of this opinion that the claims in the amended complaint "relate back" to the date of the original complaint filed in June 2025. *See* Fed. R. Civ. P. 15(c)(1)(B).

defense, when it is clear from the face of the complaint that the action is untimely, dismissal at the pleading stage is appropriate. *See O'Gorman*, 777 F.3d at 889; *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That standard is satisfied here.[4]

Additionally, the prosecutors are entitled to immunity and cannot be sued for actions taken on behalf of the state in Wilkins' criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Likewise, the judge presiding over his criminal case is entitled to immunity and cannot be sued for her adverse rulings. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). He appears to be trying to initiate criminal charge against these individuals, but he has no authority to do so as a private citizen. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) (observing that federal criminal prosecution is "an executive function within the exclusive prerogative of the Attorney General"). He has not stated a plausible constitutional claim against any defendant.

Therefore, his complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to file an amended complaint if, after reviewing this order, he believes he can state a plausible constitutional claim based on this incident, consistent with the allegations he has

---

[4] Wilkins includes allegations about a second parole officer who conducted a search of his residence in November 2022. As best as can be discerned, he believes the search should not have occurred because he should not have been on parole at that time. Assuming his allegations state a claim for unlawful search, this claim would also be untimely. *See Wallace*, 549 U.S. at 387.

already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013). The court is cognizant that Wilkins has already amended his complaint once, because his original complaint was not on the right form and was not sufficiently coherent for the court to discern his claims. (ECF 5.) In fairness, he will be given a second opportunity to amend in response to this screening order.

For these reasons, the court:

(1) TAKES UNDER ADVISEMENT the plaintiff's motion for leave to proceed in forma pauperis (ECF 2);

(2) GRANTS the plaintiff until **September 22, 2025**, to file an amended complaint; and

(3) CAUTIONS him that if he does not file an amended complaint by the deadline, this case is subject to dismissal without further notice pursuant to 28 U.S.C. § 1915(e)(2)(B)(2).

SO ORDERED on August 25, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT