UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DANIEL WILKINS,

    Plaintiff,

    v.       CAUSE NO.: 1:25-CV-334-HAB-ALT

ANDREW BRANSON, et al.,

    Defendants.

OPINION AND ORDER

Daniel Wilkins, a litigant without a lawyer, filed a second amended complaint. (ECF 12.) The court determined that his first amended complaint was subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) but granted him leave to amend before the case was dismissed. (ECF 11.) He responded with the present pleading.[1] (ECF 12.)

The court must determine whether the second amended complaint is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

---

[1] For unknown reasons, Wilkins did not use the court's approved civil rights complaint form in preparing his amended complaint. He is clearly familiar with the form because he used it to prepare his first amended complaint. (ECF 9.) This has made it more difficult for the court to discern his claims, but given the number of times he has already amended, the court will simply proceed to screen his pleading as drafted.

U.S. 662, 678 (2009). Because Wilkins is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As with his two earlier pleadings, Wilkins describes a series of events beginning in August 2021 when he completed a community transition program in connection with a criminal sentence. He thought he would not be serving any term of parole, but shortly before he completed the program he was told he was required to serve a period of parole.[2] In March 2022, while he was on parole, he was stopped by a Mishawaka Police Officer for a traffic violation. He claims this officer used excessive force against him but does not specify how. Public records reflect that he was injured when he attempted to flee from the officer and crashed his vehicle into a tree.[3] *See State v. Wilkins*, 71D08-2212-F4-000070 (St. Joseph Sup. Ct. filed Dec. 27, 2022). These events led to criminal charges being brought against him in St. Joseph County for unlawful possession of a firearm by a serious violent felon and resisting law enforcement. *Id.* The charges remain pending, and a trial is presently scheduled for October 2025. *Id.*

Wilkins sues the judge presiding over the criminal case for various rulings she has made, the St. Joseph County Prosecutor's Office for prosecuting him, the Indiana Department of Correction Parole Division and/or Indiana Parole Board for requiring him to serve a term of parole, the Mishawaka Police Department for "subject[ing] Plaintiff to excessive force and unlawful arrest," and the City of Mishawaka for

---

[2] He submits a number of attachments purporting to show that he was not ordered to serve a term of parole. (ECF 12-1.) However, it is evident that Wilkins made these documents himself by typing his own commentary on official court records.

[3] The court is permitted to take judicial notice of public records. *See* FED. R. EVID. 201.

2

"policies and practices causing harm." (ECF 12.) He seeks monetary damages, an order dismissing the pending criminal charges and expunging his criminal record, and other relief.

Wilkins cannot challenge the validity of the pending criminal charges or obtain release from custody in this civil rights lawsuit. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). Such relief can only be sought through the federal habeas corpus statute.[4] *Id.*; 28 U.S.C. § 2241. Furthermore, public records from Wilkins' prior criminal case (in which he was convicted of robbery and criminal confinement) reflect that the state judge ordered him to serve a period of parole as part of his sentence. *See State v. Wilkins*, No. 02D04-0707-FB-00098 (Allen Sup. Ct. order dated Apr. 7, 2021). He cannot attack his sentence in this civil rights case, nor can he proceed on a theory that his sentence was unlawful or invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser,* 411 U.S. at 488. Additionally, the Indiana Department of Correction and Indiana Parole Board are not "persons" that can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989); *see also Klock v. Smith*, No. 121-CV-00498-JPH-DLP, 2021 WL 3268553, at *2 (S.D. Ind. July 29, 2021) ("The Indiana Parole Board is an agency of the State of Indiana and hence not a 'person' subject to suit pursuant to 42 U.S.C. § 1983.").

---

[4] In fact, Wilkins already unsuccessfully pursued relief under 28 U.S.C. § 2241. *See Wilkins v. St. Joseph County Prosecutor,* No. 1:25-CV-335-HAB-ALT (N.D. Ind. closed Aug. 22, 2025). The court concluded that he did not demonstrate a speedy trial violation, and his other claims had to await a conclusion of the state proceeding. *Id.*, ECF 12.

His claims of excessive force and false arrest arising from the March 2022 traffic stop are time-barred. Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). A claim for unlawful search or seizure under the Fourth Amendment accrues at the time of the violation. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Wilkins challenges the police officer's actions occurring in March 2022, but he did not file this lawsuit until June 2025, more than two years later.[5] Although the statute of limitations is an affirmative defense, dismissal at the pleading stage is appropriate when it is clear from the face of the complaint that the action is untimely. *See O'Gorman*, 777 F.3d at 889; *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That standard is satisfied here. The court alerted Wilkins to the timeliness problem in the original screening order, and there is nothing in his second amended complaint to draw this conclusion into question.

Furthermore, the prosecutors are entitled to immunity and cannot be sued for actions taken on behalf of the state in Wilkins' criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Likewise, the judge presiding over his criminal case is entitled to

---

[5] The court will presume for purposes of this opinion that his false arrest and excessive force claims "relate back" to the date of the original complaint. *See* Fed. R. Civ. P. 15(c)(1)(B). The court notes that because Wilkins is not in custody, he is not entitled to the benefit of the prison mailbox rule. His original complaint was filed on June 25, 2025. (ECF 1.)

4

immunity and cannot be sued for her rulings under 42 U.S.C. § 1983. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). The County Prosecutor's Office and Mishawaka Police Department are not suable entities under state law and thus cannot be sued for constitutional violations under 42 U.S.C. § 1983. *See* IND. CODE § 36-1-2-10; IND. CODE § 36-1-2-23; *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011).

He purports to assert a claim against the City of Mishawaka under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). A municipality can be held liable under *Monell* only if the unconstitutional acts of their employees "were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a viable *Monell* claim, the plaintiff must identify an official municipal policy that caused him injury. *Grieveson*, 538 F.3d at 771. Alternatively, a plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a [corporate] custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Wilkins does not satisfy these standards. First, *Monell* requires an underlying constitutional violation by a municipal employee, and at present Wilkins has not plausibly alleged one. *See Petty v. City of Chicago*, 754 F.3d 416, 424–25 (7th Cir. 2014). His broad accusation that police used "excessive force" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir.

5

2010) ("putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim). Second, it cannot be discerned what the unlawful policy was that caused him injury. To the extent the alleged policy related to the fact that he was designated as being on parole at the time of his arrest in March 2022, *Heck* prevents him from pursuing a claim based on a theory that his criminal sentence was invalid in this civil rights case.

Therefore, his complaint does not state a claim upon which relief can be granted. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id*. (citation omitted).

Wilkins has had three opportunities to plead his claims. (ECF 1, 9, 12.) His second amended complaint is substantively the same as his earlier pleadings. The court finds no basis to conclude that if given a fourth opportunity, Wilkins could assert a timely, plausible constitutional claim consistent with what he has already alleged.

For these reasons, the court:

(1) DENIES the plaintiff's motion for leave to proceed in forma pauperis (ECF 2);

(2) DISMISSES this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

(3) DIRECTS the clerk to close the case.

SO ORDERED on September 24, 2025.

                                                s/ Holly A. Brady  
                                                CHIEF JUDGE HOLLY A. BRADY  
                                                UNITED STATES DISTRICT COURT